UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

DAMON MEYER,

    Plaintiff
    v.

UNITED AIRLINES, INC.,      CIVIL NO.:

UNITED AIRLINES PILOT LONG TERM DISABILITY PLAN

PILOT LTD ADMINISTRATIVE COMMITTEE, UNITED AIRLINES, INC.

UNITED PILOT AGREEMENT

ALIGHT,

REEDGROUP,

    Defendants

---

COMPLAINT

JURISDICTION

This Court has subject matter jurisdiction because the claim is brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.§ 1001 et.seq. for long term disability benefits from United Airlines, Inc, under an agreement the terms of which are

1

provided in the United Airlines Pilot Long Term Disability Plan dated 12/30/2012 ("Plan") and the United Pilot Agreement ("UPA") administered by Pilot LTD Administrative Committee United Airlines Inc. ("Committee") Alight and Reed Group.

This Court has personal jurisdiction and venue in Portland, Maine because Plaintiff lives in Saco, Maine.

## FACTS

1. Plaintiff was employed as a pilot for United Airlines, Inc. on 4/12/2022.
2. Plaintiff was enrolled in the United Airlines Pilot LTD Plan on 5/1/2022.
3. After Plaintiff was enrolled in the LTD Plan, he began to notice that he was having trouble seeing colors.
4. Plaintiff grounded himself on 5/6/2022. He couldn't fly at night because he could not discern the colors of signals.
5. Plaintiff filed a claim for long-term disability benefits with the Committee on the next day, 5/7/2022.
6. At the time that Plaintiff filed his claim for benefits, he was enrolled in the Plan.
7. On 6/2/2022, United Airlines terminated his employment.
8. The stated reason for the termination was that he would not have met the requirements to have a valid medical license at the time he was hired.
9. Plaintiff had a valid medical license at the time he was hired.

10. There is no medical evidence that Plaintiff's condition existed before he was hired.

11. It's purely speculative that had Plaintiff received a medical review before becoming employed by United, he would not have passed the test for a valid medical license.

12. Reed Group approved his claim for benefits on 6/13/2022.

13. On 6/22/2022, Reed Group denied benefits on the basis Plaintiff was no longer employed by United and therefore no longer enrolled in the Plan.

14. Plaintiff timely appealed this denial on 8/17/2022.

15. Reed Group denied the Appeal on 1/11/2023 on the basis Plaintiff no longer worked for United.

16. The 1/11/2023 denial exhausted administrative remedies.

17. The UPA says that coverage in the Plan will terminate only if the pilot resigns or is terminated for cause.

18. Plaintiff neither resigned nor was terminated for cause.

19. The Plan says that enrollment will end when the employee terminates his employment.

20. Plaintiff did not terminate his employment.

21. Defendants' rationale, that Plaintiff was not eligible for benefits because he no

longer was an employee of United, is fatally flawed.

22. Defendants' rationale would allow United to fire an employee when he files a claim for LTD benefits then deny the claim because the claimant no longer worked for United.

## COUNT I

### 29 U.S.C. § 1132 (a)(1)(B)

23. Plaintiff restates paragraphs 1 through 22.
24. Defendants must pay to Plaintiff long-term disability benefits because Plaintiff was eligible for benefits when he became disabled and continues to be totally disabled.
25. Plaintiff's claim was misshandled and the denial was based on a ludicrous theory amounting to a breach of fiduciary duty.
26. Plaintiff seeks to clarify his rights to future benefits under the terms of the Plan.
27. Plaintiff seeks all appropriate equitable relief so as to make him whole under the terms of the Plan including attorney's fees and costs.

## COUNT II
### 29 U.S.C. § 1132(a)(3)

28. Plaintiff restates paragraphs 1 through 27.

29. Plaintiff seeks to enjoin Defendants from continuing to deny him benefits to which

he is entitled under the Plan.

30. Plaintiff seeks to clarify her rights to future benefits under the terms of the Plan.

24. Plaintiff seeks all appropriate equitable relief so as to make her whole under the terms of the Plan, including attorney's fees, and costs.

DATED:  March 9, 2023            /s/ Gisele M. Nadeau
                                  55 Pleasant Ave.
                                  Portland, ME 04103
                                  207-671-0327

                                  gisele@gmn-law.com